United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID J. BROWN,
    Plaintiff,
    v.
BODE CONSTRUCTION, et al.,
    Defendants.

Case No. 16-cv-01148-JSC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 7

On November 13, 2015, pro se plaintiff David Brown ("Plaintiff") filed an amended complaint in the San Francisco Superior Court against Bode Construction, Web Corp., Darlene Company, United States Navy (the "Navy"), an unknown Engineering Co., Public Health Department, the Environmental Protection Agency, and San Francisco County Building Inspectors (collectively, "Defendants"). (Dkt. No. 4-1, 4-2.) On March 8, 2016, the Navy removed the case to the United States District Court for the Northern District of California. (Dkt. No. 1.) According to the Notice of Removal, while the case was pending in state court, Plaintiff failed to file Proof of Service on Defendants or obtain answers or enter their defaults. (Dkt. No. 3 ¶ 3.) On March 15, 2016, the Navy filed a Motion to Dismiss the Complaint. (*See* Dkt. No. 7.) Under Civil Local Rule 7-3, Plaintiff's response to Defendant's motion was due by March 29, 2016. That deadline has passed, and Plaintiff still has not filed a response to the Navy's motion.

Rule 41 accords a district court discretion to dismiss a plaintiff's action because of his failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with a court order. *See, e.g.*, *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (affirming dismissal of a *pro se* prisoner's civil rights action where the plaintiff failed to comply with the court's order to file an

amended pleading), *cert. denied*, 506 U.S. 915 (1992); *Oliva v. Sullivan*, 948 F.2d 272, 273-74 (9th Cir. 1992) (noting that the district court may dismiss sua sponte for failure to meet a court deadline).  Accordingly, the Court ORDERS Plaintiff to SHOW CAUSE why the Navy's Motion to Dismiss should not be granted.  In particular, he shall file a written response to the Navy's motion on or before **April 7, 2016**.  The Navy's reply, if any, shall be filed by April 14, 2016.  If plaintiff no longer intends to prosecute this case, he should file a notice of voluntary dismissal.  *See* Fed. R. Civ. P. 41(a).  Failure to respond to the Navy's Motion to Dismiss as ordered may result in the motion being granted, and the action being dismissed as to the Navy with prejudice and the remaining claims remanded to state court.

**IT IS SO ORDERED.**

Dated: March 31, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge