UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. BROWN,<br><br>          Plaintiff,<br><br>     v.<br><br>BODE CONSTRUCTION, et al.,<br><br>          Defendants. | Case No.  16-cv-01148-JSC<br><br>**ORDER GRANTING THE NAVY'S MOTION TO DISMISS AND REMANDING REMAINING CLAIMS**<br><br>Re: Dkt. No. 7 |

Plaintiff David Brown ("Plaintiff") brings this action against Bode Construction, Web Corp., Darlene Company, the United States Navy (the "Navy"), an unknown engineering company, the Public Health Department, the Environmental Protection Agency, and the San Francisco County Building Inspectors (collectively, "Defendants").  In his seven-count complaint, Plaintiff alleges that he became ill after working at an environmentally polluted site due to Defendants' negligence in properly disposing of toxic waste and their misrepresentations about the site's environmental hazards.  Now pending before the Court is the Navy's motion to dismiss. (Dkt. No. 7.)[1]  Plaintiff failed to respond to the Navy's motion and to the Court's subsequent Order directing him to show cause why the Navy's motion should not be granted.  (*See* Dkt. No. 11.)  Upon review of the Navy's papers, the Court VACATES the hearing scheduled for April 21, 2016, GRANTS the Navy's motion to dismiss and REMANDS the case against the remaining defendants to state court.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

**BACKGROUND**

**A.    Complaint Allegations**

Plaintiff worked for Bode Construction in San Francisco's Hunter's Point region from October 2001 through January 2002, when he became ill due to exposure to toxic substances at that location.  (Dkt. No. 4-2 at 2.)  Hunter's Point has a history of violations for dumping toxic and hazardous chemicals that are harmful to people.  (*Id.* at 3-4.)  The area housed the Navy's Radiation Defense Laboratory, which experimented on the effects of radioactivity.  (*Id.* at 3.)  After the Navy shut down operations in Hunter's Point, it leased property to smaller businesses that failed to properly dispose of the waste on at least twenty sites.  (*Id.* at 5.)

Due to his exposure to that toxic waste, Plaintiff suffers an illness that has significantly altered his skin pigmentation and caused severe bouts of depression and extreme paranoia.  (*Id.* at 2-3.)  One doctor guessed that the illness was the result of exposure to toxic substances, but no two doctors have come to the same conclusion about Plaintiff's condition.  (*Id.* at 3.)  Many medical professionals were unable to determine the cause of Plaintiff's illness and labeled it "idiopathic."  (*Id.* at 2.)  As a result of his illness, Plaintiff has been nicknamed "Crazy Dave" and involuntary committed.  (*Id.* at 3.)  Due to the illness, Plaintiff believes that he has parasites living inside his body that he has spread to others, and he has injected himself with bleach to cleanse his body of these parasites.  (*Id.* at 3-4.)

The gravamen of Plaintiff's complaint is that Defendants concealed evidence of environmental hazards, and fraudulently misrepresented the status of the toxins and hid the truth from Plaintiff to avoid culpability for his injuries.  (*Id.* at 5.)  Plaintiff brings seven causes of action against Defendants: (1) negligence, (2) intentional infliction of emotional distress, (3) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, (4) declaratory relief, (5) fraud and misrepresentation, (6) fraud and concealment, and (7) suit against governmental agencies.  Plaintiff seeks damages, restitution, and injunctive relief.

**B.    Procedural History**

Plaintiff filed the instant action in August 2015 in San Francisco Superior Court and filed the now-operative First Amended Complaint ("FAC") while the case was pending there.  (*See*

United States District Court
Northern District of California

Dkt. Nos. 4-1, 4-2.)  While the case was pending in state court, Plaintiff failed to file Proof of Service on Defendants or obtain answers or enter their defaults.  (*See* Dkt. No. 3 ¶¶ 2-3.)  The record before the Court lacks any evidence demonstrating service on Defendants.  The Navy removed the case to the federal court then filed the instant motion to dismiss under Rules 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim.  (Dkt. Nos. 1, 7.)  Plaintiff did not respond to the Navy's motion, and the Court issued an Order to Show Cause ("OSC") why the Navy's motion to dismiss should not be granted.  (Dkt. No. 11.)  The Court cautioned Plaintiff that failure to file a timely show cause response could result in dismissal of his action against the Navy with prejudice for failure to comply with the Court's orders and failure to prosecute and—with no remaining federal nexus—his remaining claims remanded to state court. (*Id.* at 2.)  That same day, the Clerk's Office sent Plaintiff a second notice directing him to file a consent or declination to proceed before a magistrate judge.  (Dkt. No. 10.)  Although Plaintiff has consented to proceed before a magistrate judge (Dkt. No. 12), he still has not responded to the Navy's motion to dismiss or to the Court's OSC.[2]

## DISCUSSION

The Navy offers two grounds for dismissal.  First, the Navy argues that the Court lacks subject matter jurisdiction over Plaintiff's lawsuit.  Second, the Navy argues that Plaintiff fails to state claims upon which relief can be granted.  Because the Court finds that it lacks jurisdiction, it does not address whether Plaintiff otherwise states a claim against the Navy.

### A.    Subject Matter Jurisdiction

1.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit.  *See* Fed. R. Civ. P. 12(b)(1).  "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists."  *Leeson v. Transamerica*

---

[2] The Court has jurisdiction to decide the Navy's motion and to remand under 28 U.S.C. § 636(c) because the Navy and Plaintiff have consented to the Court hearing this case and the other defendants have not been served.  *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1155 (N.D. Cal. Aug. 2, 2011).

United States District Court
Northern District of California

*Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted).  Where, as here, a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (internal quotation marks and citation omitted).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating such a challenge, the court accepts the factual allegations in the complaint as true.  *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).  In a factual challenge, "however, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment."  *White*, 227 F.3d at 1242 (citation omitted).

2.    <u>The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against the Navy</u>

The United States can be sued only to the extent that it has consented to be sued.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted); *see also FDIC v. Meyer*, 510 U.S 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") (citations omitted).  Therefore, no court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute.  *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941) (citations omitted).

The California UCL does not contain a waiver of the federal government's sovereign immunity and the Court is unaware of any other law in which the United States consented to be sued under state unfair competition laws.  *See Vrijesh S. Tantuwaya MD, Inc. v. Anthem Blue Cross Life & Health Ins. Co.*, --- F. Supp. 3d ----, No. 15cv1671-WQH-NLS, 2016 WL 1253867, at *9 (Mar. 11, 2016) (dismissing UCL claim that implicated the federal government as a real

1    party in interest because there was no waiver of sovereign immunity).  Accordingly, the Court

2    lacks jurisdiction of the UCL claim (third cause of action).

3         With respect to Plaintiff's common law tort claims, the Federal Torts Claims Act

4    ("FTCA") "waives the sovereign immunity of the United States for actions in tort" and "vests the

5    federal district courts with exclusive jurisdiction over suits arising from the negligence of

6    Government employees." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quotation

7    marks and citation omitted).  "However, the [FTCA] further provides that before an individual can

8    file an action against the United States in district court, [he] must seek an administrative resolution

9    of [his] claim." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).  Specifically, the

10   FTCA provides that:

11              An action shall not be instituted upon a claim against the United
                States for money damages for injury or loss of property or personal
12              injury or death caused by the negligent or wrongful act or omission
                of any employee of the Government while acting within the scope of
13              his office or employment, **unless the claimant shall have first
                presented the claim to the appropriate Federal agency and his
14              claim shall have been finally denied by the agency in writing** and
                sent by certified or registered mail. The failure of an agency to make
15              final disposition of a claim within six months after it is filed shall, at
                the option of the claimant any time thereafter, be deemed a final
16              denial of the claim for purposes of this section.

17   28 U.S.C. § 2675(a) (emphasis added).  This statute of limitations is jurisdictional and cannot be

18   tolled.  *See Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009).  Thus, courts dismiss

19   tort claims against federal agencies or the United States for lack of subject matter jurisdiction

20   where the plaintiff fails to allege exhaustion of administrative remedies.  *See, e.g.*, *Reichlin v. Del*

21   *Norte Cnty. Dep't of Health & Human Servs.*, No. 14CV05213NJV, 2015 WL 2248594, at *2

22   (N.D. Cal. May 12, 2015) (dismissing claim for lack of subject matter jurisdiction because

23   plaintiff did not allege that he received a formal denial or that he waited six months before filing a

24   lawsuit); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (a lawsuit filed prior to the

25   exhaustion of a claimant's administrative claim is premature and must be dismissed); *Brumfield v.*

26   *Dep't of Veteran Affairs*, No. 14-CV-04647-JSC, 2015 WL 294380, at *4 (N.D. Cal. Jan. 22,

27   2015) ("[W]hen a complaint alleging a tort . . . against a federal agency . . . fails to allege that the

28   plaintiff made an administrative claim with the [agency] before filing suit, the complaint must be

1   dismissed for lack of subject matter jurisdiction.") (citations omitted).

2   　　　Here, Plaintiff's first, second, fifth, and sixth causes of action allege state tort claims

3   (negligence, intentional infliction of emotional distress, fraud and misrepresentation, and fraud and

4   concealment).  As explained above, the FTCA provides the exclusive waiver of sovereign

5   immunity for actions resulting in tort against the United States and its agencies, including the

6   Navy.  *See Melcher v. U.S. Postal Serv.*, No. 11-CV-6373 JSC, 2012 WL 3276985, at *3 (N.D.

7   Cal. Aug. 9, 2012) (citation omitted).  But the FAC does not adequately allege administrative

8   exhaustion as required by the FTCA.  The only allegation in the FAC that could be construed as

9   contacting government agencies for purpose of exhausting administrative remedies is in the

10  seventh cause of action, entitled "suit against governmental agencies[.]"  (Dkt. No. 4-2 at 29.)

11  There, Plaintiff alleges that "on or about July 29th, 2015, Plaintiff Brown mailed to several

12  Government entities [] Plaintiff's claims for the injuries, disabilities, losses, and damages suffered

13  and incurred by him[.]"  (*Id.* at 30.)  But even if the Court were to liberally construe this allegation

14  as Plaintiff having presented his claim to the "appropriate Federal agency[,]" 28 U.S.C. § 2675(a),

15  merely contacting the agency is not sufficient.  There are no allegations that the Navy issued a

16  formal denial of this administrative tort claim.  Nor do the allegations support the inference that

17  Plaintiff waited six months from the date he filed any such claim before commencing his lawsuit.

18  Based on the allegation of contacting government agencies on July 29, 2015, the six month mark

19  would have been in January 2016.  But Plaintiff filed his initial complaint on August 4, 2015, a

20  mere six *days* later.  (*See* Dkt. No. 4-1.)  Even Plaintiff's FAC, filed on November 13, 2015, came

21  well before the January 2016 six-month mark.  Thus, even construing the allegations liberally,

22  Plaintiff has not met his burden of establishing compliance with the FTCA's administrative

23  exhaustion requirements.  *See Reichlin*, 2015 WL 2248594, at *2; *Brumfield*, 2015 WL 294380 at

24  *4.

25  　　　The remaining claim is one for declaratory relief in which Plaintiff seeks a declaration

26  regarding tolling of the statute of limitations.  As the Court does not have subject matter

27  jurisdiction of the underlying claims for which Plaintiff seeks a declaration of tolling, it follows

28  that there is no subject matter jurisdiction over the claim for declaratory relief either.  Further, he

United States District Court
Northern District of California

6

1  has not identified any statute in which the United States has consented to be sued for such non-
2  monetary claims. *See Imperial Granite Co. v. Paia Band of Mission Indians*, 940 F.2d 1269, 1271
3  (9th Cir. 1991) (holding that sovereign immunity extends to claims for declaratory and injunctive
4  relief) (citation omitted); *cf. The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 524
5  (9th Cir. 1989) (holding that declaratory relief claim against the United States was not barred by
6  sovereign immunity because the United States waived such immunity to non-monetary claims
7  under the Administrative Procedures Act).

8        3.       The Claims Against the Navy are Dismissed Without Leave to Amend

9        Because Plaintiff has failed to carry his burden of establishing subject matter jurisdiction,
10  and in particular, has failed to establish that the United States has consented to be sued and
11  therefore waived sovereign immunity, the Court will dismiss all of Plaintiff's claims against the
12  Navy.  While ordinarily courts grant leave to amend, dismissal without leave to amend is
13  appropriate here given Plaintiff's failure to file an opposition to the motion to dismiss and then
14  subsequent failure to respond to the Court's OSC.  In other words, despite having the opportunity
15  to do so, Plaintiff has not identified any facts that remotely suggest the United States has waived
16  its sovereign immunity to Plaintiff's claims in this suit.  The dismissal is therefore without leave to
17  amend.

18  B.    **The Claims Against the Unserved Defendants are Remanded to State Court**

19        With the dismissal of Plaintiff's claims against the Navy for lack of subject matter
20  jurisdiction, the remaining claims in the FAC allege state law claims against the unserved
21  defendants.  Thus, no basis for federal question jurisdiction remains.  Nor does the FAC suggest a
22  basis for diversity jurisdiction.  (*See* Dkt. No. 4-2.)  Plaintiff is a California resident, and at least
23  one defendant—the San Francisco County Building Inspectors—resides here, as well.  Thus, there
24  is no complete diversity between Plaintiff and the remaining defendants.

25        The Court declines to exercise supplemental jurisdiction of the remaining state law claims
26  against the unserved defendants.  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court
27  may decline to exercise supplemental jurisdiction over related state-law claims once it has
28  'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

This action was removed to federal court solely on the basis of the federal defendant, the Navy. With the Navy now dismissed, the case should return to state court where Plaintiff originally filed. *See Elliott v. Dep't of Veteran Affairs*, No. 13-CV-02964-WHO, 2013 WL 6823540, at *1-2 (N.D. Cal. Dec. 24, 2013).

## CONCLUSION

For the reasons described above, the Court lacks subject matter jurisdiction over Plaintiff's claims against the Navy. The Court therefore GRANTS the Navy's motion to dismiss and dismisses Plaintiff's claims against the Navy without leave to amend. The remaining claims against the unserved defendants are REMANDED to state court.

**IT IS SO ORDERED.**

Dated: April 20, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>BODE CONSTRUCTION, et al.,<br><br>    Defendants. | Case No.  16-cv-01148-JSC<br><br>**CERTIFICATE OF SERVICE** |

   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

   That on April 20, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David J. Brown
General Delivery
Columbia, CA 95310

Dated: April 20, 2016

            Susan Y. Soong
            Clerk, United States District Court


            By: _____
            Ada Means, Deputy Clerk to the
            Honorable JACQUELINE SCOTT CORLEY